UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$40,000.00 IN UNITED STATES CURRENCY,<br><br>Defendant.<br>JOHN R. GAGLIARDI,<br><br>Claimaint. | Case No. 3:13-CV-0405-LRH (VPC)<br><br>**ORDER** |

On March 27, 2014, this court held a case management conference and considered the motion of claimant, John R. Gagliardi ("claimant"), to compel answers to interrogatories and requests for production of documents (#38). The court denied the motion to compel and also ordered that the plaintiff United States ("plaintiff") be awarded attorney's fees and costs, as the court found that the there was no meaningful meet and confer pursuant to LR 26-7(b) and Fed.R.Civ.P. 37(a) prior to the filing of the motion (#65). The court also noted at the hearing that claimant failed to include the disputed discovery in the motion, rendering the court unable to examine the discovery requests or the responses. Claimant now asks the court to reconsider its order (#47) denying the motion to compel and awarding the United States its attorney's fees and costs (#54). Claimant subsequently filed a supplement to the motion to reconsider and reported that counsel for the parties met and conferred, and the plaintiff agreed to provide supplemental

responses to claimant's discovery requests (#63).[1] Plaintiff opposed the motion for reconsideration (#65) and claimant replied (#70).

Also before the court is the declaration of plaintiff's counsel in support of costs and attorney's fees (#48), which plaintiff supplemented (#53). Claimant filed his response and objection (#56), and this order follows.

I. **Standard for Motion for Reconsideration**

Although some other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59(e). See, e.g. *Henry v. Rizzolo*, No. 8-00635, 2010 WL 3636278, at *1 (D.Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 8-0353, 2010 WL 1727841, at *1-2 (D.Nev. 2010)); see also *Antonetti v. Skolnik*, No. 10-153, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013) (discussing the standard for a motion to reconsider in the District of Nevada).

Accordingly, in the District of Nevada, "[a] motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a strongly convincing nature in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at *1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev. 2003)). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 8-00891, 2010 WL 1462707 (D. Nev. April 12, 2010)) (internal citation and quotation marks omitted).

II. **Analysis**

Claimant asks this court to reconsider its order denying his motion to compel and awarding fees and costs to the plaintiff for three reasons. First, claimant re-argues the same arguments made at the March 27, 2014, hearing: that the parties did meet and confer and that the

---

[1] That subsequent supplementation is the subject of a separate order (#72), and the court notes that the parties appear to have resolved all prior discovery disputes that were the subject of claimant's original motion to compel.

- 2 -

1  failure to attach the disputed discovery and responses was an easily correctable oversight.  The
2  court already considered and rejected these arguments at the hearing, and claimant has not
3  offered newly discovered evidence, has not argued the court committed clear error or was
4  manifestly unjust, and there is no intervening change in controlling law.  *Henry,* 2010 WL
5  3636278, at *1 (citing *Frasure v. U.S.,* 256 F.Supp.2d 1180, 1183 (D.Nev. 2003).  The court
6  acknowledges that claimant disagrees with the court's order, but that alone does not warrant
7  reconsideration.

8  Next, claimant re-argues the substance of the underlying motion to compel and reviews
9  each of the disputed responses to his requests for production of documents and answers to
10 interrogatories.  Such argument was the proper subject of the motion to compel, not the current
11 motion for reconsideration.

12 Claimant finally argues that following the March 2014, hearing, the parties did, in fact,
13 meet and confer, plaintiff agreed to supplement certain discovery responses, and the parties
14 resolved the dispute.  The resolution of the discovery dispute came after the original motion to
15 compel and after claimant filed his motion to reconsider.  It is telling that as a result of the
16 subsequent meet and confer, claimant got what he wanted: additional discovery responses, and
17 there appear to be no further disputes.  *See* order (#72).  The fact that the parties were able to
18 resolve their differences is not a basis for this court to reconsider its March 2014, order; rather, it
19 highlights the importance of meaningful meet-and-confers.  Had this occurred prior to the filing
20 of the motion to compel, it is unlikely the parties would have incurred the time and costs
21 associated with the motion to compel, the motion for reconsideration, and the dispute about the
22 plaintiff's attorney's fees.  This is not a basis for the court to reconsider its prior order.

23 Based upon the foregoing, claimant's motion for reconsideration (#54) is denied.

24 **III.    Plaintiff's Attorney's Fees and Costs**

25 The court awarded plaintiff attorney's fees and costs with respect to claimant's motion to
26 compel and directed plaintiff's counsel to file a declaration outlining a detailed itemization of
27 work performed in responding to the motion to compel (#s 48 & 53).  Plaintiff did so, and
28 claimant objected (#56).

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts typically follow a two-step process. *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case,[2] (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67, 69-70 (9th Cir. 1975), c*ert. Denied*, 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

### A.     Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id. (citing Barjon v. Dalton,* 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court

---

[2]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague*, 505 U.S. 557, 561-564 (1992). *See also Davis v. City and Cty. of San Francisco*, 976 F.2d 1536, 1546 n. 4 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation.)

1  must consider the market rate in effect within two years of the work performed. *Bell v.*
2  *Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). The fee applicant has the burden of
3  producing satisfactory evidence that "the requested rates are in line with those prevailing in the
4  community for similar services by lawyers of reasonably comparable skill, experience, and
5  reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits
6  or other attorneys regarding prevailing fees in the community, and rate determinations in other
7  cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.*,
8  896 F.2d 403, 407 (9th Cir. 1990)).

9  Plaintiff supplies a declaration and seeks fees based on an hourly rate of $185.88, based
10 on the sum of the hourly salary rate ($72.91), plus the hourly benefit rate ($21.14), plus the
11 Department of Justice ("DOJ)") overhead rate ($91.83) (#48). This computation is based on the
12 DOJ's methodology for the computation of recoverable attorney's fees as determined by the
13 Executive Office for United States Attorney's ("EOUSA"). *Id.* The court notes that this court
14 has approved this calculation for fees recoverable by the United States. *Garity v. United States*
15 *Postal Service,* 2:11-CV-1805-MMD-CWH (#159). Claimant contends that the United States
16 does not explain the DOJ overhead rate, that it is not allowed by local rule, and that the hourly
17 rate requested here ($185.88) is higher than the hourly rate in *Garity* ($156.20).

18 The court finds the hourly rate is reasonable for two reasons. First, the court is familiar
19 with hourly rates charged by attorneys practicing before this court and finds that plaintiff's
20 hourly rate of $185.88 is extremely reasonable; in fact, it is far less than the rates of comparably
21 experienced attorneys in this district. Second, it is difficult for government lawyers to compute
22 an hourly rate for obvious reasons, and the court finds that the EOUSA rate has a rational basis,
23 and private practitioners likely take into account the same factors when computing an hourly
24 rate.

25 **B.     Reasonable Hours Expended**

26 "The party seeking an award of fees should submit evidence supporting the hours
27 worked." *Hensley,* 461 U.S. at 433; *see also Jordan v. Multnomah County,* 815 F.2d at 1263 (9th
28 Cir. 1987). "Where the documentation of hours is inadequate, the district court may reduce the

1  award accordingly." *Hensley*, 461 U.S. 433. "The district court also should exclude from this
2  initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34
3  (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise
4  reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business
5  Factors, Inc.,* 897 F.Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v.
6  Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

7  Counsel for the United States attests that he devoted a total of 19.2 hours to the matters
8  pertaining to claimant's motion to compel, and he specifies the time and dates on which he
9  performed specific services. The total attorney's fees the United States spent on this matter
10 totals $3,568.89 (#s 48 &53).

11 Claimant contends that the declaration is wholly deficient because the declaration fails to
12 provide an itemization of dates worked and hours worked on each date, a description of the tasks
13 performed, and the government fails to provide any information about hourly rates paid to
14 government lawyers in this community. The court disagrees. The government's counsel
15 provides sufficient information about the dates worked, the time spent, and the legal services
16 performed for each task. The United States also provided a formula for computing the hourly
17 rate for Assistant United States Attorneys in this district.

18 The court next considers the time spent on the legal services provided. Claimant asserts
19 that 19.2 hours for the legal services performed is excessive. The court has reviewed each of the
20 time entries and the papers filed by the parties concerning the motion to compel. The court finds
21 that the hours spent in review of claimant's brief and the time spent to prepare a response are
22 somewhat excessive, and reduces them by 5.0 hours for a revised total of 14.2 hours, which
23 totals $2,639.50.

24 Based upon the foregoing and for good cause appearing,

25 **IT IS HEREBY ORDERED** that claimant's motion for reconsideration (#54) is
26 **DENIED.**

27 **IT IS FURTHER ORDERED** that the United States is awarded attorney's fees in the
28 amount of $2,639.50.

1 **IT IS FURTHER ORDERED** that claimant, John Gagliardi, shall pay the total sum of $2,639.50 to the plaintiff, United States of America.

**IT IS SO ORDERED.**

Dated:  June 23, 2014.

_____
UNITED STATES MAGISTRATE JUDGE