UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  $40,000.00 IN UNITED STATES CURRENCY,  Defendant.  JOHN R. GAGLIARDI,  Claimant. | 3:13-CV-00405-LRH-VPC  ORDER |

Before the Court is Claimant John R. Gagliardi's ("Gagliardi") Request for Review and Appeal of the Court's March 27, 2014 Order (Doc. #47[1]), wherein the Magistrate Judge denied Gagliardi's Motions to Compel (Doc. #37; Doc. #38) and awarded the United States attorney's fees and costs associated with responding to the Motion. Doc. #55. Thereafter, Gagliardi filed a Supplement to his Request for Review and Appeal. Doc. #62. The United States filed a Response (Doc. #66), to which Gagliardi replied (Doc. #71).

A magistrate judge's order operates as final determinations of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3. Accordingly, a district judge may reconsider the

---

[1] Refers to the Court's docket number.

magistrate judge's order only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).  Having considered the parties' briefing and the relevant filings on record, the Court concludes that the Magistrate Judge's order is neither clearly erroneous nor contrary to law.

Federal Rule of Civil Procedure 37(a)(5)(B) provides:

> If the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Here, the Magistrate Judge found that Gagliardi's Motion to Compel was deficient as he failed to include the disputed discovery in the motion, rendering the Court unable to examine the discovery requests.  Doc. #47, p. 2.  Gagliardi concedes that he inadvertently failed to attach the requisite discovery responses to his Motion in accordance with Local Rule 26-7(a).  As such, the Magistrate Judge's finding in this regard was not clearly erroneous or contrary to law.

The Magistrate Judge further found that there was no meaningful meet and confer pursuant to Local Rule 26-7(b) and Federal Rule of Civil Procedure 37(a).  Doc. #47, p. 2.  Here, it appears that the parties did engage in discussions regarding the subject matter of Gagliardi's Motion to Compel prior to the filing thereof.  Nevertheless, the Magistrate Judge, after hearing argument on the issue, determined that the meet and confer was not meaningful or sufficient within the meaning of Local Rule 26-7(b) and Federal Rule of Civil Procedure 37(a).  There is simply no basis on which to challenge the Magistrate Judge's finding in this regard.  Moreover, since that time, the parties have engaged in further discussion regarding discovery and appear to have resolved all prior discovery disputes that were the subject of Gagliardi's Motion to Compel.  This fact, in and of itself, indicates that the parties earlier efforts to meet and confer were not in fact meaningful.  Accordingly, for all of the aforementioned reasons, the Court finds that the Magistrate Judge's

2

Order awarding the United States attorney's fees and costs associated with responding to Gagliardi's Motion to Compel was not clearly erroneous or contrary to law.

IT IS THEREFORE ORDERED that Gagliardi's Request for Review and Appeal of the Magistrate Judge's Order (Doc. #55) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of July, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE